IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANTA PIOCHE,

        Plaintiff,

v.

ALLIED INTERSTATE, INC.,

        Defendant.

**COMPLAINT FOR DAMAGES FOR ABUSIVE DEBT COLLECTION**

1.     Defendant is a debt collector who engaged in abusive debt collection activity against Ms. Pioche.  Defendant continued to contact Ms. Pioche after it knew that she was represented by an attorney.

2.     Plaintiff brings claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq*. ("FDCPA") and under New Mexico consumer protection law.

**Jurisdiction**

3.     This Court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d),and under 28 U.S.C. §§1331, 1337 and 1367.

**Parties**

4.     Plaintiff Shanta Pioche, formerly known as Shanta Jones, resides in Fruitland, New Mexico.  She is a "consumer" as defined by 15 U.S.C. §1692a(3).  At all times relevant to this complaint, she resided in New Mexico.

5.     Defendant Allied Interstate, Inc. ("Allied")  is a foreign corporation whose principal

1

business is the collection of consumer debts.  It regularly collects or attempts to collect

debts owed or due or asserted to be owed or due another.  It has been engaged by multiple

creditors to do so.  Allied is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Facts**

6.      In January, 2009 Allied wrote Ms. Pioche attempting to collect an alleged debt.

7.      Ms. Pioche exercised her rights under the FDCPA and chose not to have any further

contact with Allied.

8.      Ms. Pioche had her attorney, Jennifer S. Baker of DNA-People's Legal Services, Inc.

write to Allied and request that it cease all communications with her.

9.      Allied received that letter from Ms. Baker on January 29, 2009.

10.     Despite knowing that Ms. Pioche was represented by an attorney, and knowing that Ms.

Pioche had requested it cease all communication, Allied sent her another letter February

9, 2009, attempting to collect the debt.

11.     Allied's actions constitute the transaction of business within New Mexico.

12.     As a result of the actions of Allied, Ms. Pioche suffered actual damages, including lost

time, embarrassment, inconvenience, aggravation, and humiliation.

13.     Allied has been sued previously in this district, and others, for abusive debt collection

practices.  The actions of Defendants represent a pattern and practice of abusive conduct.

**Claim for Relief: Violations of the FDCPA**

14.     The foregoing actions of Defendant violate the FDCPA, including 15  U.S.C. §§ 1692c.

15.     Plaintiff is entitled to recover statutory damages and actual damages, plus costs and

reasonable attorney fees.

WHEREFORE, Plaintiff prays that this Honorable Court:

A.      Award statutory and actual damages for Defendant's violations of the Fair Debt

Collection Practices Act;

B.      Award reasonable attorney's fees;

C.      Award costs; and

D.      Grant such other relief as it deems just and proper.


Respectfully submitted,

*e-filed 3/13/09*

Richard N. Feferman
FEFERMAN & WARREN, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 East
Albuquerque, NM 87102
(505) 243-7773
(505) 243-6663 (fax)

Jennifer Baker
DNA-People's Legal Services, Inc.
709 North Butler Avenue
Farmington, NM 87401
(505) 325-8886